# United States District Court

**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JENNIFER RONDINELLI REILLY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0395-S |
| | § | |
| LOUDER WITH CROWDER, LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Louder With Crowder, LLC's ("Defendant") Rule 12(b)(6) Motion to Dismiss ("Motion") [ECF No. 15]. For the following reasons, the Court **DENIES** the Motion.

### I.  BACKGROUND

Jennifer Reilly ("Plaintiff") is a professional photographer who licenses her photographs for a fee. Am. Compl. ¶ 5. Defendant is a for-profit media company that owns and operates a website at the URL, www.LouderWithCrowder.com. Resp. to Mot. to Dismiss ("Resp.") 3. Plaintiff photographed a PETA protest ("Photograph"), copyrighted the Photograph, and made it available for commercial license by publishing it to her website. Am. Compl. ¶¶ 10-15. The Photograph depicts a female protester holding up a sign that reads "Meat is Murder: PETA." *Id.* ¶ 15.

Sometime thereafter, Defendant published an article on its website, titled *Jimmy's Famous Seafood Doubles Down on PETA Attack* (the "Article"). *Id.* ¶ 16. A cropped copy of the Photograph was pasted into the Article, set directly against a photograph of a "Jimmy's Famous Seafood" sign. *See id.* Ex. B. Below the pictures, Defendant wrote "Jimmy's Famous Seafood may not be the hero 2018 deserves. But Dammit, it's the hero 2018 needs." *Id.* Plaintiff did not give Defendant a license to use the Photograph, nor did Defendant ask Plaintiff's permission to use the Photograph on Defendant's website. *Id.* ¶ 17.

## II.      LEGAL STANDARD

To establish a prima facie claim for copyright infringement, Plaintiff must prove that: (1) she owns a valid copyright, and (2) Defendant copied constituent elements of Plaintiff's work that are original. *See Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). At this juncture, Defendant does not contest either of those elements but argues it is entitled to dismissal based on the fair use defense to copyright infringement. *See* Mot. 3-5.

Courts in this District have repeatedly categorized fair use as an affirmative defense. *See Joe Hand Promotions, Inc. v. Martin*, Civ. A. No. 3:18-CV-2798-B, 2019 WL 111209, at *2 (N.D. Tex. Jan. 4, 2019); *see also Lyons P'ship, L.P. v. Giannoulas*, 14 F. Supp. 2d 947, 954 (N.D. Tex. 1998). Dismissal under Rule 12(b)(6) is appropriate based on a successful affirmative defense only when the defense appears clearly on the face of the complaint. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)); *see also Jordan v. Open MRI of Dall. LLC*, Civ. A. No. 3:19-cv-2269-S, 2020 WL 3405233, at *2 (N.D. Tex. June 18, 2020) (quoting *Drake v. Fitzsimmons*, Civ. A. No. 3:12-CV-1436-B, 2013 WL 77354, at *2 (N.D. Tex. Mar. 1, 2013)) ("[A]lthough defendants bear the burden of pleading and proving affirmative defenses, where facts alleged in plaintiff's pleadings *make clear* that the claim is barred, dismissal under Rule 12(b)(6) may be granted.") (emphasis in original).

## III.      ANALYSIS

"[A]nyone who . . . makes a fair use of [a] work is not an infringer of the copyright with respect to such use." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Courts have used this principle since "the infancy of copyright protection" as a "necessary" tool for "fulfill[ing] copyright's very purpose." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994). Section 107 of the Copyright Act provides that "the fair use of a copyrighted work . . . for

2

purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. Courts consider the following statutory factors in determining whether a use is "fair": (1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the work used, and (4) the effect of the use on the market for the original. *Id.*

"[T]he fourth factor looks to 'the effect of the use upon the potential market for or value of the copyrighted work.'" *Pierson v. DoStuff Media, LLC*, 2019 WL 5595236, at *5 (W.D. Tex. Oct. 29, 2019) (quoting 17 U.S.C. § 107(4)). This factor "'requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant . . . would result in a substantially adverse impact on the potential market for the original.'" *Id.* (quoting *Campbell*, 510 U.S. at 590). "Thus, the inquiry 'must take account not only of harm to the original but also of harm to the market for derivative works.'" *Id.*

Because the potential market for or value of the Photograph cannot be evaluated from the face of Plaintiff's Complaint, *see Clark*, 794 F.2d at 970, it is inappropriate to conduct the fact-intensive fair-use analysis at this stage of the litigation, *see Geophysical Servs., Inc. v. TGS-NOPEC Geophysical Servs.*, Civ. A. No. 14-1368, 2017 WL 559859, at *13 (S.D. Tex. Nov. 21, 2017); *see also Campbell*, 510 U.S. at 594 ("[I]t is impossible to deal with the fourth factor except by recognizing that a silent record on an important factor bearing on fair use disentitled the proponent of the defense."). Therefore, the Court need not address the other factors, and denies the Motion. *See Geophysical Servs.*, 2017 WL 5598593, at *13.

3

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss.

**SO ORDERED.**

SIGNED July 16, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

4