IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JENNIFER RONDINELLI REILLY,** § | |
| § | |
| *Plaintiff*, § | |
| § | **Case No. 3:20-cv-395-S** |
| v. § | |
| § | |
| **LOUDER WITH CROWDER LLC,** § | |
| § | |
| *Defendant.* § | |

## DEFENDANT'S MOTION TO STRIKE PLEADINGS AND DISQUALIFY COUNSEL

Defendant Louder With Crowder LLC ("Defendant" or "LWC") by and through its undersigned counsel, files this *Motion to Strike Pleadings and Disqualify Counsel* (the "Motion"), and respectfully states as follows:

## BACKGROUND

On June 26, 2020, the Hon. Jesse M. Furman of the Southern District of New York entered an Opinion and Order (hereinafter, the "Sanction Order"), that sanctioned Plaintiff's lead counsel, Richard Liebowitz ("Liebowitz"), for a wide array of misconduct. [*See* Dkt. 25, Sanction Order.]

The Sanction Order stated that a copy of the Sanction Order would be sent to "the Court's Grievance Committee to take whatever action the Committee deems appropriate." [*Id*. at 54.]

On November 30, 2020 (the "Suspension Date"), the Southern District of New York Grievance Committee suspended Liebowitz "from the practice of law before [the Southern District of New York] pending final adjudication of the charges against [him]" (the "SDNY Suspension"). *Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 7028566, at *3 (S.D.N.Y. Nov. 30, 2020) (quoting *In re Richard Liebowitz*, No. M-2-238, at 1-2 (S.D.N.Y. Nov. 30, 2020)). Liebowitz has also been suspended or disbarred from the District of Colorado, Northern District

of California, and possibly other courts. *See*, *e.g.*, *Jamieson v. Hoven Vision LLC*, No. 20-CV-1122-WJM-KLM, 2020 WL 7043865, at *2 (D. Colo. Dec. 1, 2020) ("As stated above, Mr. Liebowitz was disbarred by the Northern District of California. He is therefore no longer in good standing and is ineligible to practice before this Court.").

To date, Liebowitz has not notified this Court of the SDNY Suspension or other suspensions. Moreover, since the Suspension Date, Liebowitz has filed the following documents with this Court on behalf of Plaintiff in this Case (collectively, the "<u>Disqualified Filings</u>"):

| Docket No. | Date | Description |
|---|---|---|
| 29 | 12/30/20 | Plaintiff's Response to Motion to Compel |
| 34 | 1/15/21 | Reilly's Motion for Partial Summary Judgment |
| 35 | 1/15/21 | Reilly's Memorandum in Support of Partial Summary Judgment |
| 36 | 1/15/21 | Appendix in Support of Reilly's Motion for Partial Summary Judgment |
| 38 | 2/5/21 | Reilly's Brief in Opposition to Defendant's Motion for Summary Judgment |

## **ARGUMENT**

"In the Fifth Circuit, courts are obliged to stem unethical conduct taking place in any proceeding before them. Therefore, a party may appropriately utilize a motion to disqualify to inform the Court of a breach of ethical duties." *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 646 F.2d 1020, 1028 (5th Cir. Unit B June 1, 1981).

Local Rule 83.8(a) of this Court provides, "[a] member of the bar of this court is subject to suspension or disbarment by the court under the following circumstances: if for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem, an attorney loses, either temporarily or permanently, the right to practice law before … any federal court." LR 83.8(a)(1)(C).

Consistent with Local Rule 83.8(a), this Court has previously enforced reciprocal discipline on attorneys disbarred by other courts, noting that "[i]t is not uncommon that district courts

generally impose discipline on members of their bar who are disciplined in another jurisdiction" and "when a district court learns that a member of its bar has been subject to discipline by another jurisdiction, the identical discipline is typically imposed." *See In re Smith*, 123 F. Supp. 2d 351, 353-55 (N.D. Tex. 2000) (quotations omitted).

The uncontroverted facts before the Court are that Liebowitz has been suspended from the practice of law by at least one federal court and potentially many others. While Liebowitz has notified this Court of the Sanction Order, he has not been forthcoming about the SDNY Suspension or his other suspensions from federal courts.

As a result of at least the SDNY Suspension, Mr. Liebowitz is subject to suspension or disbarment in this Court under Local Rule 83.8(a). Because the Disqualified Filings were filed when Liebowitz was not eligible to practice before this Court, they should be stricken from the record. *See Jamieson*, 2020 WL 7043865, at *2 (striking pleadings due to Liebowitz's ineligibility to practice before the District of Colorado, which itself was caused by his disbarment from the Northern District of California). Further, because Liebowitz is subject to suspension or disbarment by this Court, he should be disqualified as counsel for Plaintiff going forward.

## CONCLUSION

For the foregoing reasons, LWC respectfully requests that the Court (i) grant the Motion, (ii) strike the Disqualified Filings from the Record, (iii) disqualify Liebowitz as counsel for his failure to comply with Local Rule 83.8(a), and (iv) grant LWC such other and further relief as appropriate.

Dated: March 25, 2021                              Respectfully submitted,

                                                      **PLATT CHEEMA RICHMOND PLLC**

                                                     By: *s/ Andrew Lin*
Andrew Lin
Texas Bar No. 24092702
alin@pcrfirm.com
William S. Richmond
Texas Bar No. 24066800
brichmond@pcrfirm.com
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

                                                   **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

On March 19, 2021, the undersigned counsel for Defendant conferred with Plaintiff's lead counsel, Richard Liebowitz, by telephone but could not reach an agreement.

                                                   *s/ William S. Richmond*
                                                   Bill Richmond

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendant does certify that he served this pleading on all counsel of record by electronic filing on March 25, 2021 through the CM/ECF system.

                                                   *s/ Andrew Lin*
                                                   Andrew Lin